IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,

       Petitioner,

v.                                                                 CASE NO. 5:11-cv-220-MP -GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, and is proceeding pursuant to an amended

petition.  Doc. 5.  This case is presently before the Court on Doc. 18, Respondent's

motion to dismiss the Petition as time-barred.  Respondent has submitted the relevant

state court records with the motion.  For the following reasons, the undersigned

recommends that the motion to dismiss be granted.[1]

## Background and Petitioner's Claims

The Petition stems from a prison disciplinary proceeding in which Petitioner was

charged with committing aggravated battery on a corrections officer on April 29, 2008.

Following a hearing, Petitioner was found guilty and was sanctioned with the loss of

gain time and other punishments.  Petitioner alleges that his due process rights were

violated during the disciplinary proceeding because he was denied the right to call

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court
has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

witnesses on his behalf.  Doc. 5.

Following his disciplinary conviction, Petitioner unsuccessfully pursued

administrative remedies.  Petitioner's administrative remedy appeal was denied by the

Secretary on June 30, 2008.  Doc. 18 at 21.   Over one year later, Petitioner filed a

petition for a writ of habeas corpus in the First Circuit, Santa Rosa County, on August 6,

2009.  Doc. 18 at 13.   On March 26, 2010, the petition was dismissed without

prejudice.  *Id.*  Petitioner filed another petition on February 18, 2010; it was dismissed

on March 29, 2010.  Petitioner's petition for writ of certiorari was denied on May 4,

2011.  *Id*. at 14-20.

## Discussion

A one-year period of limitation applies to the filing of a habeas petition by a

person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

*28 U.S.C. § 2244(d)(1).*

In determining what procedures are encompassed in the direct review process

for purposes of § 2244(d)(1)(A) where a petitioner is challenging prison disciplinary

proceedings, this Court has previously held that direct review consists of the

administrative appeal process set forth in the Florida Administrative Code.  See *Harris*

*v. McNeil,* Case No. 3:07-cv-481-MCR-EMT (June 3, 2008).  This process consists of review by the warden of the institution and appeal to the Office of the Secretary of the Department of Corrections.  The direct review process concludes when the Secretary's response to the inmate's appeal is filed with the state agency clerk.  Subsequent review by the state circuit court is "in the nature of a collateral proceeding."  *Id.*

In the instant case, Petitioner availed himself of the direct review process provided by the Department of Corrections, and direct review concluded when the Secretary's response to Petitioner was filed with the DOC clerk on June 30, 2008.  Absent any tolling of the statute of limitations, the one-year period expired on June 30, 2009, and the instant petition, filed on June 23, 2011, is untimely by almost two years.  Petitioner filed a state habeas corpus petition in August 2009, but at that point the one-year limitations period had long expired and therefore the state petition had no tolling effect.

Both Respondent and Petitioner contend that the relevant date for triggering the limitations period is set forth in 28 U.S.C § 2254(d)(1)(D) (the date on which the factual predicate of the claim could have been discovered).  Respondent contends that the factual predicate in this case was discoverable when the DOC denied Petitioner's administrative appeal on June 30, 2008.  Doc. 18.  In opposition to the motion to dismiss, Petitioner contends that the factual predicate of his claim was not discovered until June 2009, when he obtained "a sworn witness statement relating directly to the April 29, 2008, incident," that Petitioner contends would have supported his defense to the disciplinary charge.  Doc. 21.

Petitioner's claim in the instant Petition is that Respondent denied him due

process by refusing to call the witnesses that Petitioner requested during the disciplinary proceeding.   Doc. 5 at 4, 11.  The fact of such refusal would have been known to Petitioner during the disciplinary proceeding and administrative review process that concluded on June 30, 2008.  Regardless whether Petitioner subsequently obtained a witness statement himself, the federal habeas limitations period under 28 U.S.C § 2254(d)(1)(D) commenced, at the latest, on June 30, 2008, because the factual predicate for the due process claim in this case was known to Petitioner during the underlying disciplinary proceeding.

Thus, applying either 28 U.S.C § 2254(d)(1)(A) or (D) as the triggering date, the instant petition is clearly time-barred, and Respondent's motion to dismiss is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct

the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. That the motion to dismiss, Doc. 18, be **GRANTED.**

2.  That the petition for a writ of habeas corpus (Doc. 5) be **DENIED**.

3. That a certificate of appealability be **DENIED.**

**IN CHAMBERS**  this 19th  day of April 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.